2006R00326/mjs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 09-159 (JEI) |
| v. : | |
| : | |
| STEVEN CHEN : | 18 U.S.C. §§ 371 and 1956(h) |
| : | |

**INFORMATION**

The defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

**COUNT 1**

(Conspiracy to Commit Wire Fraud)

Introduction

1. At all times relevant to this Information:

   a. American Water Works Company, Inc. ("American Water") was a public utility water company operating in the United States and Canada with its headquarters in Voorhees, New Jersey. American Water provided water and wastewater services to residential, commercial, and industrial customers through subsidiary companies in the different states where American Water operated. California American Water Company ("California American Water") was a subsidiary of American Water responsible for the operation of American Water in California.

   b. Emax Escrow ("Emax") was a company used for closing real estate transactions, which was based in Temple City,

California.

### The Defendant and Certain Coconspirators

2. At all times relevant to this Information:

a. Defendant STEVEN CHEN was a resident of California. Defendant STEVEN CHEN used the name Fuchi Enterprises Inc. and Fuchi Environmental Managers & Auditors ("Fuchi Environmental") in connection with real estate transactions.

b. F.D.T. was employed by American Water, in Vorhees, New Jersey, as a Property Development Director from on or about March 3, 2003 to on or about May 6, 2005. As part of his duties, F.D.T. was to sell parcels of land which no longer fit American Water's operational needs. F.D.T. was responsible for negotiating the property sales on behalf of American Water and its subsidiaries and obtaining no less than the appraised or market value for the land.

c. D.W. was a resident of California. D.W. was employed by California American Water from on or about October 25 2004 to on or about June 13, 2005. D.W. maintained a personal relationship with defendant STEVEN CHEN.

d. T.H. was employed by Weichert Realtors in New Jersey. T.H. maintained a personal relationship with F.D.T.

## The Conspiracy

3. From at least as early as in or about August 2003, to in or about May 2005, in Camden County, in the District of New Jersey, and elsewhere, the defendant,

STEVEN CHEN,

did knowingly and willfully conspire and agree with F.D.T., D.W., T.H. and with others to commit an offense against the United States, that is, to devise a scheme and artifice to defraud American Water and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as set forth below, and to use interstate wire communications for the purpose of executing such scheme and artifice, contrary to Title 18, United States Code, Section 1343.

## Object of the Conspiracy

4. The principal object of the conspiracy was for the defendant STEVEN CHEN and co-conspirators F.D.T., D.W., and T.H. to defraud American Water through the fraudulent purchase and sale of properties from California American Water and through the injection of fraudulent settlement fees into transactions in which California American Water was a party, to enrich defendant STEVEN CHEN, F.D.T., D.W. and T.H.

## Means and Methods of the Conspiracy

5. Among the means and methods employed by defendant STEVEN CHEN and coconspirators F.D.T., D.W., and T.H. to carry

out the conspiracy and effect its unlawful object were those set forth in Paragraph 6 through Paragraph 39 below.

Fraudulent Purchase and Sale of Properties

6. In or about August 2003, defendant STEVEN CHEN and co-conspirator D.W. agreed to assist F.D.T. in the purchase and sale of properties from California American Water. F.D.T., T.H., D.W. and defendant STEVEN CHEN all had a personal relationship at the time of this agreement.

7. Beginning in or about August 2003, defendant STEVEN CHEN signed contracts to purchase 2 pieces of property and co-conspirator D.W. signed contracts to purchase 5 pieces of property from California American Water in the State of California. F.D.T. proposed the pieces of property for sale to defendant STEVEN CHEN and D.W. Defendant STEVEN CHEN and D.W. generally did not provide an earnest money deposit or down payment to California American Water, as called for by their contract prior to closing.

8. It was further part of the conspiracy that defendant STEVEN CHEN or D.W. would then sign contracts to sell or "flip" the property to a third party buyer at a higher price than the original contract with California American Water. Defendant STEVEN CHEN and D.W. were not bound by their original contract with California American Water in the event that defendant STEVEN CHEN or D.W. could not contract with a third party buyer or

4

"flip" the property for a profit.

9.  In each of the "property flips," the closings or settlements on the first sales to defendant STEVEN CHEN or D.W. and the subsequent sales to the third party took place on the same day through a double escrow transaction. Following the closing, defendant STEVEN CHEN and D.W. would provide a portion of the net profits made on the flip directly to F.D.T. or T.H., who kept the proceeds and did not report or provide them to California American Water, resulting in a loss to American Water.

10.  In certain instances, F.D.T. would deal directly with the third party buyer, despite having contracted with defendant STEVEN CHEN or D.W. In certain instances, the contracts for the flip sales contained stipulations, wherein defendant STEVEN CHEN, F.D.T., and the third party buyer agreed that California American Water would make improvements to the land to the benefit of the third party buyer, inflating the profits on the flip sale.

### 9930 Olive Street, Temple City, California

11.  In a contract dated October 3, 2003, F.D.T., acting on behalf of California American Water, agreed to sell defendant STEVEN CHEN the property at 9930 Olive Street, Temple City, California (the "Olive Street property") for $372,000.

12.  In a contract dated October 27, 2003, defendant STEVEN CHEN agreed to sell the Olive Street property to a third party buyer for $450,000.

13. In the contract dated October 27, 2003, defendant STEVEN CHEN and F.D.T. agreed that California American Water would make improvements to the land to the benefit of the third party buyer.

14. On or about December 18, 2003, the closings or settlements on the first sale to defendant STEVEN CHEN and the subsequent sale to the third party took place simultaneously through a double escrow transaction facilitated by Emax.

15. On or about December 19, 2003, defendant STEVEN CHEN received a $75,504.70 check from Emax drawn against a Mellon bank account, representing the gross profit made from the flip sale. Defendant STEVEN CHEN deposited the check into Bank of America account number xxxxx-x4377 in the name of defendant STEVEN CHEN (the "4377 account").

16. On or about December 19, 2003, defendant STEVEN CHEN paid the required down payment of $31,233.12 for the Olive Street property from the 4377 account by writing a check payable to "American Water Capitol Account (California American Water)."

17. On or about December 31, 2003, defendant STEVEN CHEN wrote a check from the 4377 account and payable to "cash" in the amount of $20,000 representing a share of the proceeds made on the Olive Street property flip with the notation "Cashier check - [T.H.]."

18. On or about December 31, 2003, T.H. deposited the

cashier's check in to Wells Fargo account number xxxxxx0984, in the name of T.H.

### 9442 Live Oak Avenue, Temple City, California

19. In a contract dated November 15, 2003, F.D.T., acting on behalf of California American Water, agreed to sell defendant STEVEN CHEN the property at 9442 Live Oak Avenue, Temple City, California (the "Live Oak property") for $350,000.

20. In a contract dated April 16, 2004, defendant STEVEN CHEN agreed to sell the Live Oak property to a third party buyer for $408,000.

21. In the contract dated April 16, 2004, defendant STEVEN CHEN and F.D.T. agreed that California American Water would place $150,000 in escrow for purposes of improvement to the land to the benefit of the third party buyer.

22. On or about June 4, 2004, the closings or settlements on the first sale to defendant STEVEN CHEN and the subsequent sale to the third party buyer took place simultaneously through a double escrow transaction facilitated by Emax.

23. On or about June 7, 2004, defendant STEVEN CHEN received a $56,444.42 wire transfer into the 4377 account from Emax, representing the gross profit made from the flip sale.

24. On or about June 15, 2004, defendant STEVEN CHEN paid the required down payment of $35,000 for the Live Oak property, through a wire transfer, from the 4377 account to American Water

7

Capitol Account in PNC Bank.

25. On or about June 15, 2004, defendant STEVEN CHEN caused a $10,722 wire transfer of funds to be transmitted to American Express Centurion Bank account number xxxxxx0104, in the name of F.D.T., which represented half of the gross proceeds from the flip sale minus the $35,000 down payment.

Injection of Fraudulent Fees

26. It was further part of the conspiracy that beginning in January 2005, F.D.T. used his position at American Water to authorize the payment of settlement fees to defendant STEVEN CHEN from California American Water for services not rendered by defendant STEVEN CHEN for California American Water in connection with various sales of California American Water properties handled by F.D.T and sold directly to buyers.

27. F.D.T. instructed Emax to pay at closing, from California American Water's proceeds on the property sales, defendant STEVEN CHEN, operating as Fuchi Environmental, for purported environmental services provided by Fuchi Environmental when in fact Fuchi Environmental provided no services to the property.

28. Defendant STEVEN CHEN received $96,860.17 in funds for purported environmental fees at the time of closing on the following properties in the amounts listed below, which he shared with D.W.:

8

| Address | Settlement Date | Amount of Payment |
|---|---|---|
| 8233 Falcon Drive, Antelope, CA | January 3, 2005 | $19,850 |
| 305 ½ Bishop Avenue, Pacific Grove, CA | January 10, 2005 | $51,275 |
| 7108 Grenola Way, Citrus Heights, CA | April 12, 2005 | $16,000 |
| 1516 Contra Costa Street, Seaside, CA | April 13, 2005 | $6735.17 |
| Thunderhead & Olsen, Thousand Oaks, CA | April 28, 2005 | $3,000 |

29. It was further part of the conspiracy that F.D.T. instructed defendant STEVEN CHEN to provide F.D.T. with half of the proceeds that defendant STEVEN CHEN received from Emax after receiving each of these fictitious fees.

30. Defendant STEVEN CHEN provided F.D.T. $37,030 of the funds which he received from Emax, unbeknownst to American Water in the amounts listed below:

| Address | Payment Date | Amount of Payment |
|---|---|---|
| 8233 Falcon Drive, Antelope, CA | January 10, 2005 | $9,920 |
| 305 ½ Bishop Avenue, Pacific Grove, CA | January 26, 2005 | $25,610 |
| Thunderhead & Olsen, Thousand Oaks, CA | May 4, 2005 | $1,500 |

### OVERT ACTS

In furtherance of the conspiracy and to effect its unlawful object, defendant STEVEN CHEN and his coconspirators committed,

and caused to be committed, the following overt acts, in the District of New Jersey and elsewhere:

31. In or about August 2003, F.D.T., T.H., D.W., and defendant STEVEN CHEN met in New York City to discuss the purchase of properties by defendant STEVEN CHEN and D.W. from American Water.

32. On or about November 24, 2003, F.D.T. directed Emax to deposit the proceeds of the double escrow sale of the Olive Street property from American Water to defendant STEVEN CHEN in PNC Bank account number xxxxxx3379, in the name of American Water Capital Corporation (the "AW Account").

33. On or about December 1, 2003, F.D.T. personally appeared before a Notary Public in Camden County, New Jersey and executed a Grant Deed conveying the Olive Street Property to defendant STEVEN CHEN.

34. On or about December 11, 2003, defendant STEVEN CHEN, utilizing the email address, ChenSteve@aol.com, emailed F.D.T. at F.D.T.'s work email address with the name of the third party buyer for the Olive Street property.

35. On or about December 19, 2003, defendant STEVEN CHEN deposited a $75,504.70 check from Emax representing the gross profit made from the closing on the Olive Street flip sale into the 4377 account.

36. On or about May 7, 2004, F.D.T. directed Emax to

deposit the proceeds of the double escrow sale of the Live Oak property from American Water to defendant STEVEN CHEN in the AW Account.

37. On or about May 10, 2004, defendant STEVEN CHEN, utilizing the email address, ChenSteve@aol.com, emailed F.D.T. at F.D.T.'s work email address regarding an easement on the Live Oak property.

38. On or about May 12, 2004, F.D.T. personally appeared before a Notary Public in Camden County, New Jersey and executed a Grant Deed conveying the Live Oak Property to defendant STEVEN CHEN.

39. On or about June 4, 2004, defendant STEVEN CHEN accepted a wire transfer into the 4377 account from Emax, representing the gross profit made from the closing on the Live Oak property flip sale.

In violation of Title 18, United States Code, Section 371.

## COUNT 2

(Conspiracy to Commit Money Laundering)

1. The allegations set forth in Paragraphs 6 through 39 of Count 1 of this Information are realleged and incorporated herein.

2. From at least as early as in or about August 2003 to in or about May 2005, in the District of New Jersey and elsewhere, the defendant,

STEVEN CHEN,

did knowingly conspire and agree with F.D.T., T.H., D.W. and with others to engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, namely, wire fraud, and such transactions affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1957(a).

In violation of Title 18, United States Code, Section 1956(h).

*[signature]*
RALPH J. MARRA, JR.
Acting United States Attorney

CASE NUMBER: 2006R00326

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

STEVEN CHEN

INFORMATION FOR

18 U.S.C. §§ 371 and 1956(h)

RALPH J. MARRA, JR.
ACTING U.S. ATTORNEY NEWARK, NEW JERSEY

MATTHEW J. SKAHILL
Assistant U.S. Attorney
CAMDEN, New Jersey
(856) 757-5026