U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Matthew J. Skahill*  
*Assistant United States Attorney*  
*matthew.skahill@usdoj.gov*

*CAMDEN FEDERAL BUILDING*  
*401 Market Street, 4th Floor*  
*Post Office Box 2098*  
*Camden, New Jersey 08101*

*856/757-5026*  
*ext. 4929*

*FAX: 856/968-4917*

---

November 12, 2008

**VIA OVERNIGHT MAIL**
Scott A. Resnik, Esquire
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022

Crim 09-159 (JEI)

    Re: <u>Plea Agreement with Steven Chen</u>

Dear Mr. Resnik:

    This letter sets forth the plea agreement between your client, Steven Chen, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Steven Chen to a two-count information, which charges, in Count 1, conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 371, and in Count 2, conspiracy to launder money, contrary to 18 U.S.C. § 1957, in violation of 18 U.S.C. 1956(h). If Steven Chen enters a guilty plea to the two counts and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Steven Chen for his participation in (1) the fraudulent purchase and sale of properties from American Water Enterprises Group; (2) the injection of fraudulent fees into transactions in which American Water Enterprises was a party; and (3) in the laundering of proceeds derived from transactions involving directly or indirectly American Water Enterprises, all for the period from in or about August 2003 through in or about June 2005. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Steven Chen may be commenced against him,

notwithstanding the expiration of the limitations period after Steven Chen signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Steven Chen agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1957 to which Steven Chen agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense, or (4) twice the amount of the criminally derived property involved in the transaction. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentences to be imposed upon Steven Chen are within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentences up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentences Steven Chen ultimately will receive.

Further, in addition to imposing any other penalty on Steven Chen, the sentencing judge: (1) will order Steven Chen to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing, (2) must order Steven Chen to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq., (3) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(1), (4) may order Steven Chen, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses, (5) pursuant to 18 U.S.C. § 3583, may require Steven Chen to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Steven Chen be placed on a term of supervised release and

subsequently violate any of the conditions of supervised release before the expiration of its term, Steven Chen may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Steven Chen agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to American Water Enterprises Group in the amount of $ 161,576.17.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Steven Chen by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Steven Chen's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Steven Chen agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Steven Chen from any

other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Steven Chen waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Steven Chen. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Steven Chen.

No Other Promises

This agreement constitutes the plea agreement between Steven Chen and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        CHRISTOPHER J. CHRISTIE
        United States Attorney

   By: MATTHEW J. SKAHILL
      Assistant United States Attorney

APPROVED:

_____
AUSA JAMES B. LYNCH
ATTORNEY IN CHARGE, CAMDEN


    I have received this letter from my attorney, Scott A. Resnik, Esquire, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: November 17, 2008
Steven Chen

_____   Date: 11/17/08
Scott A. Resnik, Esquire

Plea Agreement With Steven Chen

Schedule A

1. This Office and Steven Chen recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Steven Chen nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Steven Chen within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Steven Chen further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2007 applies in this case.

Count 1

3. With respect to the offense charged in Count One of the Information:

   a.  The applicable guideline for the conspiracy to commit wire fraud is U.S.S.G. § 2X1.1 (cross-referencing to U.S.S.G. § 2B1.1 for "base offense level . . . plus any adjustments that can be established with reasonable certainty"). This Guideline carries a Base Offense Level of 6, because a violation of 18 U.S.C. § 371 carries a statutory maximum term of imprisonment of 5 years.

   b.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(F) applies because the loss exceeded $120,000 but was less than $200,000. This results in an increase of 10 offense levels.

   c.  The defendant was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b). This results in a decrease of 2 levels.

Count 2

4. With respect to the offense charged in Count Two of the Information, the applicable Guideline is U.S.S.G. § 2S1.1. Because Steven Chen committed the underlying offense from which the laundered funds were derived and the offense level for that offense can be determined, § 2S1.1(a)(1) applies. Therefore, the

offense level is the same as set forth in paragraphs 3(a) - (c).

5. The parties agree that while defendant was convicted under 18 U.S.C. § 1956(h), specific offense characteristic § 2S1.1(b)(2)(B), which would result in an increase of two Guideline Offense levels, does not apply because the sole object of the conspiracy under 18 U.S.C. § 1956(h), was to commit an offense set forth in 18 U.S.C. § 1957.

All Counts

6. Pursuant to U.S.S.G. § 3D1.3(b), grouped offenses covered by different guidelines receive the offense guideline that produces the highest offense level. Because the Guidelines for Counts 1 and 2 produced identical offense levels, the combined offense level is 14.

7. In accordance with the above, the parties agree that the offense level applicable to all counts included in the single group for purposes of sentencing is 14.

8. As of the date of this letter, Steven Chen has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Steven Chen's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Steven Chen is 12 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. Steven Chen knows that he has, and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion or writ which challenges the sentence imposed by

the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.